UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 20-CV-24613

MIDLAND FUNDING, LLC.,

    Plaintiff,
v.

JULIAN SAAVEDRA,

    Defendants.
_____/

**COMPLAINT**
**FOR ACTUAL, STATUTORY AND PUNITIVE DAMAGES**
**JURY DEMAND**

1.    Plaintiffs allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the tort of wrongful garnishment.

**JURISDICTION AND VENUE**

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant filed a state court garnishment proceeding against Plaintiff's property in this District.

**PARTIES**

3.    Plaintiff, JULIAN SAAVEDRA ("Saavedra"), is a natural person and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Defendant, MIDLAND FUNDING, LLC. ("Midland"), is a corporation organized under the laws of the State of Delaware. It is a citizen of the State of California with its principal place of business at 3111 Camino del Rio North, Suite 1300, San Diego, CA 92108.

5.    Midland is registered with the Florida Department of State Division of Corporations as a corporation. Its registered agent for service of process is Midland Credit

Management, Inc., c/o Canon Business Process, 8875 Hidden River Pkwy., Suite 100, Tampa, Florida 33637.

6. Midland regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Midland is registered with the Florida Office of Financial Regulation as a consumer collection agency.

8. Midland filed suit against Saavedra, in Miami-Dade County, Florida.

9. Midland has filed more than 200 collection lawsuits in Miami-Dade County, Florida within one (1) year of the filing of this Complaint.

10. Defendant regularly uses the mail and telephone to collect consumer debts.

11. Defendants primary purpose is the collection of debts.

12. Defendant is a "debt collector" as defined in the FDCPA.

## FACTUAL ALLEGATIONS

13. Midland sought to collect from Saavedra an alleged debt arising from a credit card which Plaintiff used for his own personal, family and household purposes.

14. Saavedra's alleged debt went into default.

15. On or about March 18, 2019, Midland filed suit against Saavedra in state court in Miami-Dade County, Florida.

16. Midland obtained a final judgment against Saavedra on January 17, 2020. A copy of the Final Judgment is attached as Exhibit "A."

17. On August 5, 2020, Midland obtained a Continuing Writ of Garnishment ("Writ"), and subsequently served the Writ on the Garnishee on August 28, 2020.

18.  The Garnishee, RI/HOLLYWOOD NISSAN ACQUISITION CORP. ("Hollywood Nissan"), was served with the Continuing Writ of Garnishment on August 28, 2020. Hollywood Nissan served it's Answer of Garnishee upon Midland on September 4, 2020. A copy of the Garnishee's Answer is attached as Exhibit "B."

19.  Fla. Stat. §77.055 requires that the notice ("Second Notice") be served by first class mail on the Defendant within five (5) business days.

20.  Fla. Stat. §77.055 states:

"Service of garnishee's answer and notice of right to dissolve writ.—**Within 5 days after service of the garnishee's answer on the plaintiff** or after the time period for the garnishee's answer has expired, **the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue**. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee. **The plaintiff shall file in the proceeding a certificate of such service.**" (Emphasis added.)

21.  Midland did not mail the Second Notice to Saavedra. A copy of the state court docket is attached as Exhibit "C."

22.  Saavedra was required to retain legal counsel to move to dissolve the Continuing Writ of Garnishment.

23.  Saavedra moved to dissolve Midland's Continuing Writ of Garnishment by filing a Claim of Exemption and Request for Hearing on October 5, 2020. A copy of the Claim of Exemption and Request for Hearing is attached as Exhibit "D."

24.  Midland filed its Notice of Dissolution of Continuing Writ of Garnishment on October 19, 2020. A copy of the Notice of Dissolution of Continuing Writ of Garnishment is attached as Exhibit "E."

25. The Writ should have been dissolved on September 16, 2020.

26. Midland caused Saavedra's wages to be garnished for an additional five (5) weeks after its Continuing Writ of Garnishment should have been dissolved for its failure to timely serve the Second Notice as required by Fla. Stat §7.055.

27. Midland knew that as of September 17, 2020, that it failed to comply with the garnishment statutes.

28. In Florida, "[i]t is fundamental that garnishment statutes must be strictly construed." Akerman Senterfitt & Eidson, P.A. v. Value Seafood, Inc., 121 So.3d 83, 86 (Fla. 3rd DCA 2013) (*citing* Williams v. Espirito Santo Bank of Fla., 656 So. 2d 212, 213 (Fla. 3d DCA 1995.

29. Midland caused the money that the Plaintiff and his family desperately needed during the current pandemic to be withheld from them for an additional five (5) weeks.

30. Even after Plaintiff filed his Claim of Exemption and Request for Hearing, Midland did nothing for an additional fourteen (14) days.

31. Defendant acted in malice to harass and pressure Plaintiff in an effort financially benefit itself.

32. Plaintiff suffered damages as a result of Defendant's improper actions and seeks statutory, compensatory and punitive damages.

### COUNT I
### CONTINUING TO GARNISH WAGES
### IN VIOLATION OF 15 U.S.C. §1692f

33. Plaintiff incorporates Paragraphs 1 through 32.

34. Midland continued to cause Hollywood Nissan to withhold Saavedra's much needed wages for thirty-four (34) days after it failed to comply with Fla. Stat. §77.055., in violation of 15 U.S.C. §1692f and did so knowingly.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of him and against Defendant for:

    a. Actual and statutory damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## WRONGFUL GARNISHMENT

35. Plaintiffs incorporate Paragraphs 1 through 6, 8 through 11, and 13 through 32.

36. Defendant continued to garnish Plaintiff's wages for an additional five (5) weeks even after it knew that it failed to comply with Florida's garnishment statutes and did so with malice.

37. Defendant knowingly caused the Garnishee to withhold twenty-five percent (25%) of Plaintiff's wages for an additional five (5) weeks when it had no legal basis to do so.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of him and against Defendant for:

    a. Actual and punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## **JURY DEMAND**

Plaintiff demands trial by jury.

>*/s/Joel D. Lucoff*
>Joel D. Lucoff
>Fla. Bar No. 192163
>Debt Shield Law
>3440 Hollywood Blvd., Suite 415
>Hollywood, FL 33021
>(844) 279-1112
>myrna@debtshieldlaw.com
>joel@debtshieldlaw.com